NAZARIO, PLAINTIFF AND APPELLEE, *v.* SANTOS, MUNICIPAL JUDGE, RESPONDENT AND APPELLANT.

APPEAL from the District Court of Mayagüez in Certiorari Proceedings.

No. 1927.—Decided February 24, 1919.

COSTS IN CIVIL CASES—PUBLIC OFFICIALS.—Act No. 17 of 1915, regulating the collection of fees and costs in civil cases in the district and municipal courts, contains no provision exempting or excusing public officials who may be parties to a civil suit from the payment of the fees prescribed.

ID.—CERTIORARI—APPEAL—DISMISSAL OF APPEAL.—Under section 6 of Act No. 17 of 1915, a notice of appeal in a certiorari proceeding which does not bear internal-revenue stamps showing the payment of the fees prescribed by the act is null and void, and if an appeal is presented on the basis of such notice, a motion of the appellee for dismissal of the appeal on that ground should be sustained.

The facts are stated in the opinion.
*Mr. Angel A. Vázquez* for the appellee.
*Messrs. Feliú & Alemañy* for the appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Genaro Nazario petitioned the District Court of Mayagüez for a writ of certiorari directed to William J. Santos,

municipal judge of San Germán. The writ was issued and the case was finally decided in favor of the petitioner. The municipal judge then appealed to this court and filed a transcript of the record in the office of the secretary. In these circumstances the appellee moves for dismissal of the appeal "because this court has no jurisdiction of the case on its merits inasmuch as the appellant has filed a notice of appeal which is null and void."

The alleged nullity consists in the failure to affix a revenue stamp to the said notice of appeal showing the payment of the fees prescribed by law.

The appellant admits that the stamp was not affixed and explains the fact as follows: When he went to file his appeal the clerk of the district court required him to deposit a five-dollar stamp; that he deposited the stamp but stated that in his opinion this should not be required of him and suggested that the clerk consult the Attorney General; that the clerk did so and the Attorney General replied that appellant was under no obligation to pay any fee in view of the fact that he was a public official, and the clerk returned to the appellant the stamp, which he had not canceled.

Let us refer to the law governing this matter. Act No. 17 of March 11, 1915, regulating the collection of fees and costs in civil cases in the district and municipal courts in Porto Rico, and for other purposes, provides in section 1 that all amounts received as fees in civil cases shall be paid in internal revenue stamps, which shall be affixed by the secretaries and marshals on the margin or at the foot of the documents registered. Section 2 fixes the schedule of fees. According to this schedule, five dollars must be paid for each notice of appeal from a district court to the Supreme Court. Another item is: "*o.* For each notice of appeal in extraordinary proceedings, $2.00." And, finally, section 6 reads literally as follows: "That each and every document or instrument required by this Act to bear an internal revenue stamp

or stamps shall be null and void and shall not be admitted as evidence in a trial unless such stamps be attached thereto.''

Taken as a whole, the act fails to show that any·section thereof exempts public officials from the payment of the fees prescribed when they are parties to civil proceedings in cases like the present. The interested party has not cited, as it was his duty to do, any statute providing for such exemption or any particular decision applicable to the case. Therefore we must sustain the appellee, because the notice of appeal being "null and void," it has no legal existence.

*Dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.